UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:11-cv-00159-KKC

JERRY THROCKMORTON                                              PLAINTIFF

v.                          **MEMORANDUM OPINION AND ORDER**

BP AMERICA                                                      DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on BP America's motion to dismiss. [DE 33]. Pro se Plaintiff, Jerry Throckmorton, alleges that BP breached a contract to pay him $3 million for the right to use his design to stop oil flowing from the Macondo well in the Gulf of Mexico. Throckmorton alleges actual damages of $50,003,000,000—the $3 million contract price plus $50 billion, the "fair market value of the well-cap." [DE 36 at 3]. Throckmorton seeks an additional $50 billion in punitive damages. [DE 36 at 3].

To survive a motion to dismiss, a plaintiff must plead claims that are "plausible" on their face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v Twombly*, 550 U.S. 554 (2007). *Iqbal* and *Twombly's* plausibly requirement applies to allegations of the existence of a contract. Breach of contract cases may be dismissed if the claim lacks a plausible basis to support the allegation that a valid contract existed and was breached. *E.g. Flex Homes*, *Inc. v. Ritz-Craft Corp. of Michigan*, 721 F. Supp. 2d 663, 670-671 (N.D. Ohio 2010).

Plaintiff fails to allege a plausible contract offer or acceptance. Plaintiff does not plausibly set forth the reasonably certain and definite terms of a contract. Moreover, Plaintiff's allegation that BP accepted his contract offer is implausible.

Finally, Plaintiff does not plead a sufficient basis for punitive damages or fraud. Under Kentucky law, punitive damages are not awarded for breach of contract. KRS § 411-184(2), (4). If Plaintiff's punitive damages claim is based on a fraud theory, Plaintiff has failed to satisfy the requirements of Rule 9(b). *See CNH America LLC v. UAW*, 645 F.3d 785, 795 (6th Cir. 2011).

Accordingly, Plaintiff's Complaint is DISMISSED with prejudice and this matter is STRICKEN from the docket.

Plaintiff's Motion for Default Judgment [DE 35] and Motion for Entry of Default [DE 34] are Dismissed as MOOT.

So ORDERED.

Dated this 13th day of April, 2012.

**Signed By:**

*Karen K. Caldwell*

**United States District Judge**